1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Baker Dickman, | No. CV 08-1684-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Board of Regents, a political subdivision of the State of Arizona; Dr. Barbara Tinsley, | |
| Defendants. | |

Currently before the Court is Defendant Arizona Board of Regents' ("ABOR") Motion to Dismiss Plaintiff's Third Claim for Relief for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #2). Plaintiff Frances Baker Dickman ("Plaintiff") filed a Response (Dkt. #9) and ABOR filed a Reply (Dkt. #10). Having reviewed the pleadings, the Court enters the following Order.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss will not be granted unless it appears beyond a doubt that the plaintiff cannot prove a set of facts to support the claim that would entitle the plaintiff to relief. Morely v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). When determining whether a plaintiff has sufficiently stated a claim in his complaint, all allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. Whyler Summit Partnership v. Turner Broadcasting Sys., Inc.,

1   135 F.3d 658, 661 (9th Cir. 1998).  However, the Court is not required to accept as true
2   allegations that contradict matters properly subject to judicial notice, and that are merely
3   conclusory, unwarranted deductions of fact, or unreasonable inferences.  See Spreewell v.
4   Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

5         Generally, "a district court may not consider any material beyond the pleadings in
6   ruling on a Rule 12(b)(6) motion."  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th
7   Cir. 2001) (citation omitted).  However, a district court may consider material that is
8   properly submitted as part of the complaint, as well as documents that are not physically
9   attached to the complaint as long as their authenticity is not contested and the plaintiff's
10  complaint necessarily relies on them.  Id.

## DISCUSSION

12        ABOR argues that Plaintiff's third claim for relief fails to state a claim because
13  ABOR is not considered a "person" under 42 U.S.C. § 1983.  Section 1983 provides for
14  liability against a "person" who, acting under color of law, deprives another person of
15  federal or constitutional rights.  42 U.S.C. § 1983.  "States or governmental entities that
16  are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons'
17  under § 1983."  Will v. Michigan Dept. Of State Police, 491 U.S. 58, 65-66 (1989).
18  However, "[w]hen sued for prospective injunctive relief, a state official in his official
19  capacity *is* considered a 'person' for § 1983 purposes."  Flint v. Dennison, 488 F.3d 816,
20  825 (9th Cir. 2007) (emphasis in original) (citation omitted).  This exception recognizes
21  the doctrine of Ex Parte Young, 209 U.S. 123, 128 (1908), that a suit for prospective
22  injunctive relief provides a narrow exception to Eleventh Amendment immunity.  Id.

23        Here, Plaintiff contends that Eleventh Amendment immunity should not apply
24  since ABOR is neither a State or a state official.  In order to determine that a
25  governmental entity is an arm of the state for Eleventh Amendment purposes, the Court
26  considers the following factors: (1) whether a money judgment would be satisfied out of
27  state funds; (2) whether the entity performs central governmental functions; (3) whether
28  the entity may sue or be sued; (4) whether the entity has the power to take property in its

1 own name or only in the name of the state; and (5) the corporate status of the entity. See
2 Mitchell v. Los Angeles, 861 F.2d 198, 201 (9th Cir. 1988).  "To determine these factors,
3 the court looks to the way the state treats the entity." Id.  Further, "the source from which
4 the sums sought by the plaintiff must come is the most important single factor in
5 determining whether the Eleventh Amendment bars federal jurisdiction." Rutledge v.
6 Arizona Board of Regents, 660 F.2d 1345, 1349 (9th Cir. 1981), aff'd. sub nom. Kush v.
7 Rutledge, 460 U.S. 719 (1983).

8       The Arizona Board of Regents is treated as the State of Arizona under Arizona
9 law.  See Arizona Board of Regents v. Arizona York Refrigeration Co., 115 Ariz. 338,
10 565 P.2d 518 (1977).  Its funds are state funds. Id.  Further, analysis of the statutory
11 scheme governing ABOR weighs in favor of a finding of Eleventh Amendment
12 immunity.  ABOR consists of ten members appointed by the governor, and the governor
13 and state superintendent of public instruction serve as ex officio members.  A.R.S. § 15-
14 1621.  The powers and duties of ABOR are regulated by the state legislature.  A.R.S. §
15 15-1625.  In addition, ABOR is required to submit an annual report to the governor after
16 the close of each fiscal year.  A.R.S. § 15-1629.  As such, the Court finds that ABOR is
17 an arm of the State of Arizona; and is not considered a "person" under § 1983 for claims
18 that seek monetary damages.

19       Additionally, to the extent that Plaintiff's third claim for relief seeks prospective
20 injunctive relief from ABOR, Eleventh Amendment immunity still applies to bar
21 Plaintiff's claim. Ex Parte Young and its progeny clearly establish that plaintiffs are
22 permitted to sue *state officials* acting in their official capacity. Ex Parte Young, 209 U.S.
23 123 (1908); see also Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Rounds v. Or.
24 State Bd. Of Higher Educ., 166 F.3d 1032, 1036 (9th Cir. 1999); cf. Alabama v. Pugh,
25 438 U.S. 781, 782 (1978) (noting that the State and its agencies were immune from suit
26 under § 1983 where prospective injunctive relief was the remedy).  Thus, ABOR, as
27 opposed to individual members of the Board of Regents, is not a state official.  The Ex
28 Parte Young exception does not apply in the instant case.

1 **Accordingly,**

2 **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Third Claim for
3 Relief is GRANTED. (Dkt. #2).

4 DATED this 20th day of October, 2008.

Mary H. Murguia
United States District Judge